LOUISE CRAIG ET AL. *v.* EDWARD W. MAHER, WELFARE COMMISSIONER

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 6—decision released November 15, 1977

*Edward F. Reynolds, Jr.,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*JoAnne M. Miner,* for the appellees (plaintiffs).

PER CURIAM. The facts necessary for the determination of this appeal from a denial of welfare assistance are not in dispute. In September, 1974, the plaintiffs, Louise Craig and her two minor children, moved to Connecticut. On October 9, 1974, the plaintiff mother applied for assistance under the aid to families with dependent children (AFDC) program. Her application was denied and the denial

was upheld by a welfare department hearing officer. The plaintiffs appealed to the Court of Common Pleas under General Statutes § 17-2b which authorizes an applicant, "if aggrieved," to obtain judicial review of a hearing officer's decision. During the pendency of the appeal to the Court of Common Pleas the plaintiffs successfully reapplied for AFDC assistance, effective March 7, 1975, and subsequently moved from Connecticut. Thus the question before the Court of Common Pleas was the plaintiffs' eligibility for AFDC benefits during the period from October 9, 1974, to March 6, 1975. The defendant commissioner filed a plea in abatement opposing the subject-matter jurisdiction of the court on the ground that the plaintiffs lost their standing as aggrieved persons when they moved from Connecticut. The court (*Graham, J.*) overruled the defendant's plea in abatement. Upon a trial of the merits, the court (*McGuinness, J.*) concluded that the denial of benefits to the plaintiff mother and her children was illegal, arbitrary and an abuse of discretion. The defendant has limited his appeal of the court's decision to his assignment of error concerning the overruling of the plea in abatement. Consequently, the sole issue before us is whether an applicant who was denied AFDC benefits while a resident here and who appealed the denial while a resident here can maintain her appeal after her removal from Connecticut.

To maintain the appeal, the plaintiffs must (1) have a specific, personal and legal interest in the subject matter of the appeal; *Sheridan* v. *Planning Board,* 159 Conn. 1, 13, 266 A.2d 396; (2) sustain that interest throughout the course of the appeal; *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 454, 352 A.2d 291; and (3) be able to

obtain some practical benefit or relief. *Harkins* v. *Driscoll*, 165 Conn. 407, 409, 334 A.2d 901. The defendant argues that when the plaintiffs moved from Connecticut, their interest and right to relief terminated by operation of General Statutes § 17-82*l* entitled "Discontinuance of aid after removal from state," which provides that "[n]o award under part II of this chapter [AFDC] shall continue after the removal of the beneficiary from this state." Specifically, the defendant contends that the statute should be construed to prohibit the mailing of welfare benefits to anyone residing outside the state. We disagree. The meaning of the statute is clear: once an AFDC beneficiary moves from Connecticut, he or she will no longer be eligible for benefits for any period after removal from this state. The statute does not purport to deny AFDC beneficiaries who have moved from Connecticut their entitlement to benefits accrued prior to their removal. We conclude that the plaintiffs had standing to maintain the appeal to the Court of Common Pleas.

There is no error.