[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS FACTS
The plaintiffs, R. C. Associates (hereinafter "RCA") and Rosedale Farms (hereinafter "Rosedale") brought this two count appeal pursuant to Conn. Gen. Stat. 8-8 from the decision of the defendant, the Zoning Board of Appeals of the Town of West Hartford (hereinafter "Board") denying RCA's appeal of a cease and desist order (Count I) and denying RCA's application for a variance (Count II).
On May 20, 1987, the West Hartford Town Plan and Zoning Commission (hereinafter "Commission") issued a special use permit to RCA to conduct a "Garden Center, nursery and landscape service with accessory greenhouses including the retail sale of home garden and nursery items customarily, commonly, habitually and by long practice established as reasonably associated with the primary use" on its property at 2600 Albany Avenue, located in an "R-13" residential zone. On October 2, 1987, the building inspector issued a temporary certificate of occupancy to RCA which provided that "[u]ses maintained in this structure shall be limited to those allowed by the Special Use Permit which are included in the attached list." On October 5, 1987, RCA's tenant, Rosedale, was served with a cease and desist order for "[s]elling. . . non-permitted items from Temporary C.O. of 10/2/87," which allegedly violated sections 177-39(D) and 177-42(A) of the West Hartford Zoning Regulations.
On October 13, 1987, RCA appealed the issuance of the cease and desist order to the Board. On October 29, 1987, RCA filed an application CT Page 7498 for a variance "of section 177-6(B) (schedule of permitted main uses) to allow two main uses on a property where a Special Use Permit exists for a nursery main use. . . and an additional main use as a farm is desired." On November 18, 1987, the Board held public hearings on both the appeal of the cease and desist order and the variance application. On November 23, 1987, the Board voted to deny both the appeal of the cease and desist order and the variance application. This appeal followed.
A hearing was held before this court on July 30, 1990. At the hearing, to show aggrievement RCA presented the testimony of Jeffrey Linfert, who testified that he was one of three general partners of RCA. Linfert testified that RCA was then the owner of the 4.3 acre parcel of land in question and that RCA had lost its lease with Rosedale due to the zoning problems, resulting in lost income and financial detriment to RCA.
While a decision on the plaintiff's appeal was pending, RCA conveyed said 2600-2620 Albany Avenue to Allan and Maria Domack by warranty deed dated April 5, 1991. Thereafter on May 21, 1991, the defendant Board filed a motion to dismiss this appeal for lack of aggrievement as to both counts, accompanied by a memorandum of law in support of its motion. On May 29, 1991, the plaintiff filed a memorandum of law in opposition to the defendant's motion. A hearing on the motion to dismiss was held before this court on June 14, 1991.
 I
A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court. Conn. Practice Bk. 143. Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420,427 (1988). A challenge to subject matter jurisdiction can be made at any time, and the lack thereof cannot be waived. Monroe v. Monroe,177 Conn. 173, 177, appeal dismissed 444 U.S. 801, 100 S.Ct. 20,62 L.Ed.2d 14 (1979).
Conn. Gen. Stat. 8-8 provides that "[a]ny person. . . aggrieved by any decision of. . . [t]he board. . . may. . . take an appeal to the superior court. . . ." Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning and Zoning Board, 203 Conn. 317,321 (1987). Compliance with the aggrievement requirement encompasses a twofold test. Primerica v. Planning and Zoning Commission,211 Conn. 85, 92 (1989). "First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously CT Page 7499 affected by the decision." Id. at 92-93, quoting Hall v. Planning Commission, 181 Conn. 442, 444 (1980). The injury to a plaintiff's specific, personal and legal interest must affect his property or other legal rights. Goldfeld v. Planning and Zoning Commission, 3 Conn. app. 172, 175-76 (1985); see Fletcher v. Planning and Zoning Commission, 158 Conn. 497, 502 (1969). A plaintiff must sustain his interest in the property involved (or in the subject matter of the appeal) throughout the course of his appeal. Goldfeld, supra, at 177; see also, Craig v. Maher, 174 Conn. 8, 9 (1977).
The defendant argues that since the plaintiff has conveyed all of its interest in the property, the plaintiff is no longer aggrieved. The defendant attached to its motion a certified copy of a warranty deed which shows that the plaintiff conveyed its interest in 2600-2620 Albany Avenue to Allan and Maria Domack as of April 5, 1991.
The plaintiff contends that it continues to be aggrieved by the outstanding cease and desist order and the potential for the issuance of fines and penalties against RCA pursuant to the terms of the cease and desist order; that the appeal of the denial of the variance, if sustained, would have set aside the premise of the cease and desist order that each of these matters would insulate R. C. Associates from the fines and penalties the Town of West Hartford seeks to levy against it for its alleged misuse of the property; that it is continually aggrieved by its portrayal in the community as a business which had intentionally violated the zoning ordinances and that "the business interest of R. C. Associates and the other plaintiffs is dramatically affected. . . [a]nd their reputation in the community as intentional violators of zoning ordinances is a significant proprietary basis for them to state aggrievement and continue the present appeal."
 II WHETHER AGGRIEVEMENT HAS BEEN ESTABLISHED AS TO THE CEASE AND DESIST ORDER
At the hearing regarding the instant motions, the Board's attorney expressed doubt as to whether any fines or penalties could be imposed upon RCA because RCA is no longer the owner or agent of any building or premises where a violation of any provision of the regulations has been committed or exists who might otherwise have been subject to fines or penalties under Conn. Gen. Stat. 8-12. However, the Board did not make any representation that it would not try to enforce the penalty provisions of the cease and desist order for past actions of RCA if this appeal were to be dismissed.
The cease and desist order, on its face, provides for fines and penalties. Since aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected (see Hall, supra, at 445), the possibility that the Town may still seek to enforce the "Penalties" provision of CT Page 7500 the cease and desist order for past actions of RCA is sufficient to establish aggrievement. See also, State ex. rel. Home Ins. Co. v. Burt, 127 N.W.2d 270, 23 Wis.2d 231 (1964), at p. 273, wherein the insurance company — nonowner of premises was held to be an "aggrieved person" with standing to seek judicial review of the zoning board's refusal to review the denial of a permit to rebuild.
The defendant's motion to dismiss must be denied as to Count I of the plaintiff's appeal, which count challenges the upholding of the cease and desist order.
 III WHETHER AGGRIEVEMENT HAS BEEN ESTABLISHED AS TO THE DENIAL OF THE VARIANCE APPLICATION
The plaintiff presented no evidence at the hearing on the motion to dismiss regarding its claim that if the appeal as to the denial of the variance application were sustained, RCA would be insulated from the penalties which could be imposed under the cease and desist order. If the plaintiff's appeal of the denial of the variance application were sustained, the Town's right to impose the penalties under the cease and desist order would be unaffected, since that violation indisputedly occurred before the filing of the variance application. The plaintiff also submitted no evidence in support of its contention that RCA's business interests were adversely affected by its portrayal as an intentional violator of the zoning regulations, nor has RCA cited any authority that such a situation would establish aggrievement.
The plaintiff has failed to establish that, since its sale of the subject property, it has continued to be aggrieved by the denial of the variance application. Accordingly, the defendant's motion to dismiss must be granted as to Count II, as to the denial of the variance application.
For the foregoing reasons, the defendant's motion to dismiss for lack of aggrievement is denied as to Count I (the cease and desist order) and granted as to Count II (the denial of the variance application).
By the Court, Doyle, J.