[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS FACTS
The plaintiff, R. C. Associates (hereinafter "RCA"), brought this appeal pursuant to Conn. Gen., Stat. 8-8 from the decision of the defendant, Town Council, Town of West Hartford (hereinafter "Council") denying RCA's application for a zone change from an "R-13" residential zone to a "BN" neighborhood business zone and approving its application for a special development district (hereinafter "SDD") zoning classification with fourteen conditions. RCA had sought these changes so as to "permit use of the premises for a comprehensive Garden Center." At the time of the application, the plaintiff was operating a garden center/nursery/landscape service under a special use permit. The plaintiff filed the application for a zone change and SDD allegedly "to resolve pending disputes without further litigation." Prior to its zone change and SDD application, RCA had unsuccessfully appealed to the Zoning Board of Appeals a cease and desist order issued to its tenant, Rosedale Farms, for allegedly selling food items which were not permitted to be sold in an R-13 zone under RCA's existing special use permit, and had also unsuccessfully applied for a variance in order to sell those food items which it had been prohibited from selling.
Pursuant to section 177-44(C)(1)(f) of the West Hartford Zoning Regulations, the Council referred the plaintiff's application to the Town Plan and Zoning Commission (hereinafter "Commission") for its review and recommendations. By letter dated March 10, 1988, the Commission notified the Council of its decision, by unanimous vote, to recommend conditional approval of the plaintiff's application.
A public hearing before the Council on the proposed zone change and SDD application was held on March 15, 1988 and continued on April CT Page 7485 19, 1988. After the public hearing on April 19, 1988, at the Council meeting, the Council voted unanimously to deny the plaintiff's application for a zone change., but to approve, with fourteen conditions the SDD. This appeal followed.
A hearing was held before this court on August 16, 1990 wherein, to show aggrievement, RCA presented Jeffrey Linfert, who testified that he was one of the general partners of RCA and that RCA was the owner of the land known as the "Cascio property", located on Albany Avenue, which is the subject of this appeal.
While a decision on the plaintiff's appeal was pending, RCA conveyed 2600-2620 Albany Avenue, the same property described in Amended Exhibit A of RCA's zone change and SDD application, to Allan and Maria Domack by warranty deed dated April 5, 1991. Thereafter, on May 21, 1991, the defendant Council filed a motion to dismiss this appeal for lack of aggrievement, accompanied by a memorandum of law in support of its motion. On May 28, 1991, the plaintiff filed a memorandum of law in opposition to the defendant's motion. A hearing on the motion to dismiss was held before this court on June 14, 1991.
A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court. Conn. Practice Bk. 143. Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420, 427 (1988). A challenge to subject matter jurisdiction can be made at any time, and the lack thereof cannot be waived. Monroe v. Monroe, 177 Conn. 173,177, appeal dismissed 444 U.S. 801, 100 S.Ct. 20, 62 L.Ed.2d 14 (1979).
Conn. Gen. Stat. 8-8 provides that "[a]ny person. . . aggrieved by any decision of. . . [t]he board. . . may. . . take an appeal to the Superior Court. . . ." Aggrievement is a prerequisite to maintaining an appeal. See Smith v. Planning and Zoning Board, 203 Conn. 317, 321 (1987). Compliance with the aggrievement requirement encompasses a twofold test. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 92
(1989). "First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision." Id. at 92-93, quoting Hall v. Planning Commission, 181 Conn. 442,444 (1980). The injury to a plaintiff's specific, personal and legal interest must affect his property or other legal rights. Goldfeld v. Planning and Zoning Commission, 3 Conn. App: 172, 175-76 (1985); see Fletcher v. Planning and Zoning Commission, 158 Conn. 497 502 (1969). A plaintiff must sustain his interest in the property involved [or in the subject matter of the appeal] throughout the course of his appeal. Goldfeld, supra, at 177; see Craig v. Maher, 174 Conn. 8, 9 (1977). CT Page 7486
The defendant argues that since the plaintiff has conveyed all of its interest in the property for which it sought the zone change and SDD, the plaintiff is no longer aggrieved. The defendant attached to its motion a certified copy of a warranty deed which shows that the plaintiff conveyed its interest in 2600-2620 Albany Avenue to Allan and Maria Domack as of April 5, 1991.
The plaintiff contends that the "zone change would relieve the Plaintiff of the effect of a cease and desist order issued against the Plaintiff purporting to authorize the issuance of fines and penalties" against RCA "for the improper use of its property pursuant to the zoning regulations of the Town of West Hartford." The plaintiff claims that the zone change "would have set aside the premise of the cease and desist order" and that "[s]uccess on this appeal would insulate R. C. Associates from the fines and penalties the Town of West Hartford seeks to levy against it for its alleged misuse of the property."
The plaintiff further maintains that it is "continually aggrieved by its portrayal in the community as a business which has intentionally violated the zoning ordinances" and that "the business interest of R. C. Associates and the other plaintiffs is dramatically affected. . .[a]nd their reputation in the community as intentional violators of zoning ordinances is a significant proprietary basis for them to state aggrievement and continue the present appeal."
At the hearing, the plaintiff offered no evidence in support of its contention that if the zone change appeal were sustained, RCA would be insulated from the fines and penalties which could be imposed pursuant to a cease and desist order issued several months prior to the date RCA applied to the Council for a zone change and SDD. Even if the plaintiff's appeal were sustained, however, it would not be relieved from fines or penalties incurred prior to the time when the zone change would become effective. The plaintiff has not claimed that if the court were to sustain the appeal and order a zone change, the zone change would be retroactive to a date prior to or concurrent with the issuance of the cease and desist order. Indeed, said zone change appeal is totally separate from the issuance or appeal of the cease and desist order and has no effect on any fines or penalties which might be imposed pursuant to a cease and desist order issued prior to any time in which the zone change would become effective if the appeal were sustained.
The plaintiff also has submitted no evidence in support of its contention that RCA's business interests were adversely affected by its portrayal as an intentional violator of the zoning regulations, nor has RCA cited any authority that such a situation would establish aggrievement.
The plaintiff has not established that, since its sale of the CT Page 7487 subject property, it has continued to be aggrieved by the denial of the zone change and approval of the SDD with fourteen conditions. Accordingly, the defendant's motion to dismiss this appeal for lack of aggrievement should be granted.
For the foregoing reasons, the defendant's Motion to Dismiss this appeal for lack of aggrievement is granted
By the Court, Doyle, J.