[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from an administrative hearing decision upholding the imposition of an assignment and lien taken by the defendant, Department of Income Maintenance pursuant to General Statutes Sections 17-83e-f. The plaintiff challenges the action as violative of her due process rights.
The relevant facts are not in dispute. During the time period from April 7, 1975 to June 30, 1990, the plaintiff received a total of $64,462.16 in unreimbursed public assistance from the State of Connecticut, Department of Income Maintenance. In September 26, 1989, the plaintiff was injured in an automobile accident, and therefore pursued a claim for damages. The plaintiff ultimately settled with the insurance carrier of the responsible driver.
The Department, pursuant to General Statutes Sections 17-83e and 17-83f, claimed an interest in the proceeds of the settlement and imposed a statutory lien thereupon in order to secure the reimbursement of prior welfare assistance paid to the plaintiff by the defendant. The plaintiff requested an administrative hearing, pursuant to General Statutes Section 17-2a to contest the agency's action. A section 17-2a hearing was held, wherein the hearing officer upheld the Department's action; from the hearing this appeal arises.
General Statutes Section 17-2b(b) provides persons aggrieved by the decision of a hearing officer acting pursuant to Section 17-2a a right of appeal. Appeals brought under this section are governed by General Statutes Section 4-183. General Statutes Section 17-2b(b). Neither party has contested jurisdiction and no jurisdictional irregularities are apparent in the record. In order to bring an appeal, the plaintiff must be aggrieved; in other words, she must have a specific, personal and legal interest in the subject matter of the appeal. Craig v. Maher, 174 Conn. 8, 9-10, 381 A.2d 531 (1977). The plaintiff claims an interest in the proceeds of her insurance settlement. The plaintiff is aggrieved. This Court has jurisdiction to hear the appeal.
The sole basis of the plaintiff's appeal is that sections 17-83e and 17-83f are unconstitutional as applied by the agency and by the hearing officer. Specifically, the plaintiff claims that the state may not seek reimbursement out of proceeds that were intended to compensate her for physical injuries, pain and suffering, and physical disability without violating her "Fifth" (sic) Amendment due process rights.
The plaintiff's argument runs as follows: The CT Page 9166 plaintiff claims that the proceeds of her settlement were intended "nearly entirely" as compensation for pain, suffering, and physical impairment, and that so construed the proceeds do not constitute "income" or a "windfall" to plaintiff. Instead, according to the plaintiff, the settlement proceeds were intended to put the plaintiff in the same position as before her injury, to "make her whole." The plaintiff further argues that if the plaintiff lost a limb or an organ and was compensated therefor, then the state, clearly without authority to claim the limb or the organ itself, could make no claim to proceeds received "in lien" thereof. Plaintiff argues that in taking money to which plaintiff is entitled as compensation for her impairment, the state is making the plaintiff "unwhole," returning her to a position of impairment. The argument continues that such action is unconscionable and a shock to the conscience, and that, according to Howard v. United States,372 F.2d 294, 301 (9th Cir. 1967); McNeil v. Butz, 480 F.2d 314 (4th Cir. 1973); and Radis Position Finding Corp. v. Bendix Corp.,205 F. Sup. 850 (D.Maryland 1962), due process is denied where the procedure tends to shock the sense of fair play.
The defendants argue that the issue is controlled by the case of Langs v. Harder, 165 Conn. 490, 338 A.2d 458 (1973), cert. denied 416 U.S. 940, which upheld a decision by the welfare commissioner discontinuing welfare assistance granted for the support of a minor child who, like the plaintiff, was the beneficiary of proceeds received in settlement of a personal injury case, and that Langs considered a legal argument similar to that made by the plaintiff. The defendant further argues that the state has a bona fide interest in recouping funds from public assistance recipients who subsequently received funds from other sources, citing McDougald v. Norton, 361 F. Sup. 1325
(D.Conn. 1973), that it is fair that a person pay back public assistance received when that person later becomes able to do so, and that, in any event, the review and appeals procedures under General Statutes Sections 17-2b and 4-183 are sufficient to satisfy due process.
General Statutes Section 4-183 (j) states in pertinent part that:
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decision are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) CT Page 9167 made upon unlawful procedure; (4) affected by other error of the reliable probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly by abuse of discretion or clearly unwarranted exercise of discretion.
It should be noted at the outset that the parties do not dispute that General Statutes Sections 17-83e and 17-83f gave the Department authority to place a lien on the proceeds of plaintiff's settlement, nor do they dispute that the statute was properly applied. The sole basis of plaintiff's appeal is that the statute, as applied, is so grossly unfair that it violates the plaintiff's Fourteenth Amendment due process rights.
The burden of proving unconstitutionality rests on the plaintiff. Langs v. Harder, supra 501. In order to succeed on a substantive due process claim, the plaintiff bears the heavy burden of proving that the challenged law has no reasonable relationship to any legitimate state purpose. Campbell v. Board of Education, 193 Conn. 93, 105, 475 A.2d 289 (1984). It has been held that the challenged statutes do "have a substantial relationship to a lawful objective." McDougald v. Norton,361 F. Sup. 1325, 1328 (D.Conn. 1973), and therefore that the statute is not unconstitutional on its face.
The plaintiff's argument that the settlement proceeds were designed to make her "whole" and that resort to those funds for reimbursement so "shocks the conscience" as to violate due process was addressed in Langs v. Harder, supra. The Langs court disposed of the plaintiff's "make whole" argument by noting that "damages in personal injury cases are necessarily somewhat nebulous and cannot be ascertained with certainty," and that the theory of "making whole" was established "essentially for the guidance of a jury or court in determining damages." Langs, supra, 496. The Langs decision makes clear that the plaintiff may not equate the Department's claim to plaintiff's settlement proceeds with a claim on what the proceeds were intended to compensate, and that exactions from personal injury recoveries designed to make people "whole" do not violate due process by making them "less than whole." Langs, supra, at 497. "It seems sufficient to say that the Constitution we are supposed to expound gives us no authority to follow the figurative trails of metaphors like this." Id., quoting Snell v. Wyman, 281 F. Sup. 853,862 (S.D.N.Y.), aff'd 393 U.S. 323, 89 S.Ct. 553,21 L.Ed. 511.
In the absence of meaningful distinguishing factors, CT Page 9168 the case of Langs v. Harder, supra, has a controlling impact on the issue presented here. The plaintiff has failed to meet her burden of proving the unconstitutionality of the statute. Page v. Welfare Commissioner, 170 Conn. 258, 263, 365 A.2d 1118
(1976); Campbell, supra, 105.
Because the Court has found that the agency's action does not violate the plaintiff's substantive due process rights, the question of whether the procedures afforded by General Statutes Sections 17-2a, 17-2b and 4-183 would have been sufficient to bring the action within the limits of the fourteenth amendment due process clause need not be addressed.
Under the standards of review set forth in General Statutes Section 4-183 (j), the Court must affirm the decision of the agency unless the Court finds that substantial rights of the plaintiff have been prejudiced because the administrative decision is in violation of Constitutional provisions. The plaintiff has failed to meet her burden of proving a constitutional violation, and therefore, the appeal is dismissed.
J. F. WALSH, J.