[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the denial by the defendant Commission of an application for a regulated activities permit to allow construction of a single family residence, septic system and driveway on a subdivision lot. The plaintiff, Paupack Development Corp., a Pennsylvania corporation not registered to do business in Connecticut, acquired the lot in June, 1990 by warranty deed from Dorothy J. Boden. There are wetlands on the lot, and the town took the position that the lot is no longer exempt from wetland regulations under the residential home exception in section 22a-40(a)(2) of the General Statutes. The plaintiff corporation then filed an application with the defendant Commission, signed by Arthur Fasig as vice president of the plaintiff. Even though Arthur Fasig acted as agent for the plaintiff, he advanced the ten dollar purchase price for the lot and paid the expenses of a soil scientist, surveyor and civil engineer retained to supply information and reports for the application. At several of its meetings, the Commission members recognized that the lot was part of a subdivision previously approved by the Planning Commission. The parcel contains 45,300 square feet and is shown on a subdivision map filed as Map 843 in the New Fairfield Land Records on August 5, 1959. The Commission claimed that the lot was subject to its review and approval because of a change in the exemption statute. (See minutes of meetings of October 15, 1991, pages 11, 32; November 19, 1991, page 6; and January 14, 1992, pages 19, 20.) The application was denied by the Commission on January 14, 1992 and an appeal was taken by Paupack Development Corp. (Paupack). CT Page 1141
While the appeal was pending, the defendant filed two related special defenses which claimed that since Paupack was a Pennsylvania corporation not registered to do business in Connecticut it could not apply for a regulated activities permit and was barred from bringing this appeal, by sections 33-396 and 33-412 of the General Statutes. A motion to strike the special defenses was granted because the only actions taken by the plaintiff, namely applying for a permit for its own property and taking an appeal from denial of the permit did not violate those statutes. See Paupack Development Corp. v. Conservation Commission,6 Conn. L. Rptr. 393. The defendant has renewed this claim at trial, claiming it affects the plaintiff's standing to maintain the appeal. The claim is rejected again. Paupack has never owned any other property in Connecticut, and does not do business here. The three professionals were hired solely for work on the subject property. Although Arthur Fasig acted as agent for Paupack, he basically hired and paid for the professionals himself.
The plaintiff makes three claims in this appeal: (1) the lot is exempt from regulation under the residential home exemption in section 22a-40(2) of the General Statutes; (2) the Commission did not decide the application within the statutory time limits; and (3) its denial of the application was not supported by substantial evidence and ignored uncontradicted testimony of the plaintiff's experts. The first claim goes to the jurisdiction of the Commission itself to regulate the property at all.
The defendant claims that the plaintiff has no standing to maintain this appeal because it conveyed the lot to Arthur Fasig before the trial. When the application was filed with the Commission, both legal and record title were in Paupack Development Corp. Paupack later deeded the property to Arthur Fasig, although the deed has not been recorded. Several cases have held that if the property owner conveys the subject property or transfers title while the appeal is pending, he no longer has any interest in the litigation and the court will not decide the merits of the appeal. Southbury v. American Builders, Inc., 162 Conn. 633, 634; Nader v. Altermatt, 166 Conn. 43, 56; Goldfeld v. Planning 
Zoning Commission, 3 Conn. App. 172, 177, but these cases all involved actual transfer of record title of real or personal CT Page 1142 property. The plaintiff must have a specific, personal and legal interest in the subject matter of the appeal and maintain that interest until it is decided. Craig v. Maher,174 Conn. 8, 9. An exception has been recognized where a plaintiff conveys record title to the property while the appeal is pending but retains some interest in it because of a deed back from the grantee. Purtill v. Town Plan Zoning Commission, 146 Conn. 570, 574 (quitclaim deed in escrow pending the outcome of the appeal).
The cases on this issue are directed more to standing to maintain the appeal than aggrievement, and are based on the consideration that transfer of the property makes the appeal moot as to the issues raised in it. In Craig v. Maher, supra, 9, 10, a consideration was whether the plaintiff could obtain some practical benefit or relief from a decision. See also Groesbeck v. Sotire, 1 Conn. App. 67, 69. However, for purposes of title to real estate, what is controlling is record title as shown by deeds recorded on the land records. Hawley v. McCabe, 117 Conn. 558, 564, 565; Beach v. Osborne,74 Conn. 405, 411, 412; section 47-10 of the Connecticut General Statutes. As far as third parties are concerned, the plaintiff still has record title to the subject property because the deed has not been recorded, and accordingly still has standing to maintain the appeal. The contingencies in the financial arrangements between the plaintiff and Fasig are beyond the scope of this appeal. The record title owner of property for which an application is denied is aggrieved by the agency's decision. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 308.
Even if the court were to consider the unrecorded deed as affecting the standing of the plaintiff, the facts of this case indicate that the exemption issue should be decided.
While the courts do not decide academic questions, an exception occurs where a party can obtain some practical relief from a decision or where the case presents a situation likely to arise in future proceedings, and further litigation can be avoided by a decision. Helbig v. Zoning Commission,185 Conn. 294, 300. See also Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 452. The exemption issue will arise in future proceedings against the town concerning the same lot even if not decided in this appeal. [An exception to the moot question doctrine also exists where the situation CT Page 1143 is capable of repetition yet evades review, and a party in interest will be subject to a similar proceeding in which the same issues will be presented. Board of Education v. New Haven, 221 Conn. 214, 216; Shays v. Local Grievance Committee, 197 Conn. 566, 572-574; Patterson v. Council on Probate Judicial Conduct, 215 Conn. 553, 562.] The exemption question relates to the jurisdiction of the defendant to require a permit application. Unless the issue is decided at this time, another application will be required even if the Commission has no jurisdiction over the proposed use.
Fasig is a party in interest here even though he did not take the appeal himself or file a motion to intervene in the appeal as an additional or substitute plaintiff. He acted as agent for the plaintiff throughout the application and appeal process and acquired a deed to the lot during that time. The Commission's jurisdiction over the lot has been challenged from the beginning and is certain to arise in future proceedings when Fasig records the deed and attempts to use the lot and build a house on it.
Two additional material considerations indicate that a ruling on the Commission's jurisdiction over the lot should not be deferred. Cases under section 4-183j(2) of the Uniform Administrative Procedures Act have held that a claim that an administrative agency has acted beyond its statutory authority or jurisdiction may be the subject of an administrative appeal where the agency itself first determines that it has jurisdiction under the enabling statute over a particular application, and that the failure to follow that route may bar a later action raising the same issue under the concept of failure to exhaust available administrative remedies. See Greater Bridgeport Transit District v. Local Union 1336, 211 Conn. 436, 438-440; Cannata v. Department of Environmental Protection, 215 Conn. 616,622, 623, relying on provisions in the section 4-183j. (Whether this applies to inland wetlands appeals which are now governed by sections 8-8 and 22a-43 rather than 4-183j remains an open question.)
In addition, the doctrine of collateral estoppel or issue preclusion bars relitigation of issues of fact or law determined in prior proceedings between the same parties, Upjohn Co. v. Planning Zoning Commission, 224 Conn. 82, 93,94. The Commission's ruling on its own jurisdiction would CT Page 1144 not normally bar a purchaser of the lot who did not participate in the first application from raising the same exemption question when making another application to the Commission, but Fasig was the agent of Paupack, an active participant at the administrative hearing and the real party in interest here. Collateral estoppel may bar consideration of the same claim not only for parties but also those in privity with them. Corey v. Avco-Lycoming Division,163 Conn. 309, 317, and a decision of an administrative agency may be binding if the opportunity for judicial review of it exits even where no appeal was taken. Convalescent Center of Bloomfield, Inc. v. Dept. of Income Maintenance, 208 Conn. 187,195-198. Fasig's level of participation in these proceedings raises a substantial risk that he may be precluded from raising the exemption question later. Since the exemption issue has been fully briefed and argued by the parties and with active participation of Fasig, it will be decided since it goes to the Commission's jurisdiction and will arise in future proceedings.
The lot is part of a subdivision map approved by the Planning Commission in 1959. The defendant adopted the New Fairfield inland wetlands and water courses regulations, effective June 29, 1974, subsequent to the residential home exception in section 22a-40 which was enacted in 1973 and clarified by amendment in 1977 (Public Act 73-571; Public Act 77-599). After the 1977 amendment, subsection (2) read as follows:
 "A residential home (i) for which a building permit has been issued or (ii) on a subdivision lot, provided the permit has been issued or the subdivision has been approved by a municipal planning, zoning or planning and zoning commission as of the effective date of promulgation of the municipal regulations pursuant to subsection (b) of section 22a-42a, or as of July 1, 1974, whichever is earlier." (Emphasis added.).
The plaintiff's lot complied with the exemption statute as of the date when the Commission's regulations took effect on June 29, 1974. The statute was amended by Public Act 87-533, Sec. 2, effective October 1, 1987, to add the following phrase at the end of the statute: "and further provided no residential home shall be permitted as of right CT Page 1145 pursuant to this subdivision unless the permit was obtained on or before July 1, 1987." (Emphasis added.)
Paupack claims that the amendment only affected building permits and not approved subdivision lots. It also contends that the Commission's own regulations exempt the lot because section 2.lb allows as a permitted use a residential home on a subdivision lot provided the subdivision has been approved as of the effective date of the town's inland wetland and watercourses regulations, since the town failed to amend its regulations after the 1987 amendment of the exemption statute. The defendant counters that the statute controls and imposes a higher standard than the regulations. The court agrees with the plaintiff.
An administrative agency cannot exercise its statutory powers until it adopts appropriate regulations. Monroe v. Middlebury Conservation Commission, 187 Conn. 476, 484. In addition, in passing upon an application, the Commission is controlled by the regulations which it has adopted. Beach v. Planning Zoning Commission, 141 Conn. 79, 84. Until it amends its regulations, the Commission cannot regulate approved subdivision lots because that is contrary to the terms of the regulations themselves. The provisions in the regulations of the municipal inland wetlands agency are controlling. Sections 22a-42(d), 22a-42a(a) and (b) and22a-42e of the Connecticut General Statutes.
Even if the defendant Commission could ignore its own regulations, under section 22a-40(a)(2), a residential home "shall he permitted in wetlands and watercourses, as of right" under two situations: (1) if a building permit has been issued prior to the date of the regulations or (2) the subdivision lot was approved by the planning commission before the inland wetland regulations.
The statute must be interpreted as written. Ganim v. Roberts, 204 Conn. 760, 763. Courts cannot by construction read into legislation provisions which are not clearly stated, Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 702, or create an exception to a statute which the legislature has not created expressly or by implication. State v. Bunkley,202 Conn. 629, 640. An exception to a general rule is to be strictly construed and language is not to be extended beyond its evident intent. State v. Turello, 183 Conn. 330, 335. CT Page 1146 If the statute is clear and unambiguous, courts may not by construction supply omissions in the statute or add exceptions merely because it appears that good reasons exist for doing so. Simko v. Zoning Board of Appeals, 205 Conn. 413,418. The choice of phrasing in the 1987 amendment was clearly made with reference to the existing provisions which immediately preceded it in the statute. The meaning of a particular word or phrase in a statute is ascertained by reference to those words or phrases with which it is associated. Staples v. Palten, 214 Conn. 195, 199.
The first limitation imposed in 1977 allowed the house if "the permit" was issued or subdivision approval of the lot occurred before July 1, 1974. The 1987 amendment, on the other hand, only requires "the permit" to be obtained by July 1, 1987, but does not state that a house must be built on the subdivision lot by that date. The references in both the 1977 and 1987 amendments to "the permit" shows that the same meaning was intended, and refer to the building permit portion of the exemption. The issuance of a building permit and approval of a subdivision lot are two separate actions allowing the residential home exception. The clear effect of the 1987 amendment is to only limit the building permit portion of the exemption. There is a material difference between a building permit for land which may not have been reviewed by the Planning Commission, and a lot shown on a reviewed and approved subdivision map. [There is a similar protection from zoning and subdivision regulation changes for approved subdivision lots but not for other lots or parcels of land, contained in section 8-26a of the General Statutes.] In any event, the phrasing of the 1987 amendment shows that it affects only the building permit portion of the residential home exception and does not bar houses on subdivision lots, provided the lots existed as of the date of the town's inland wetlands regulations. That approach follows reasonable investment expectations of landowners without forcing construction on approved subdivision lots.
On the other hand, the context of the words "this subdivision" as used in the amendment shows that they do not refer to a subdivision lot as in a subdivision of land, but rather a subdivision of the statute, namely, subsection (2) of section 22a-40(a) because otherwise the language makes no sense. If the legislature had intended to eliminate both exemptions, it would have written the statute differently. CT Page 1147 Section 14 of Public Act 87-533 states that the act took effect on July 1, 1987 (it was passed on June 26, 1987) and if the legislative intent was to eliminate the residential home exception, subsection (2) of section 22a-40(a), it could simply have repealed the statute entirely instead of adding another proviso to it referring only to building permits. It could also have referred to both permits and subdivisions or used another word which covered both situations.
The lot was exempt from the regulations under both the statute and the inland wetlands regulations and the Commission has no jurisdiction over it.
The plaintiff also claims that the Commission did not hold a public hearing within 30 days of the filing of its application in violation of section 6.5 of the regulations. The failure of an inland wetlands agency to act within the statutory time limits for a regulated activities permit does not result in approval of the application. Section22a-42a(c) of the Connecticut General Statutes. Failure to act within the time limits also does not invalidate the agency's decision, since the time limits are directory not mandatory, Donohue v. Zoning Board of Appeals, 155 Conn. 550,554, unless a statute provides otherwise, as with subdivisions and site plans.
Since the lot is exempt, there is no reason to review the claim that the denial of the application was not supported by substantial evidence.
The appeal is sustained.
ROBERT A. FULLER, Judge