[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Inland Wetlands and Watercourses Agency ("Agency") of the town of Greenwich by an applicant whose application for a permit to conduct activities in a regulated area was granted by the Agency. The application concerned the construction of a single family residence on property known as Lot 14A, Conyers Farm Subdivision, Lower Cross Road in Greenwich. The plaintiff, John J. Fareri, appeals the conditions attached to the permit which prohibited the construction of a pool and terrace on the property in the location requested by the applicant.
At the hearing on the appeal, the plaintiff testified as to his aggrievement, stating that at the time of the hearing before the Agency, and at the time of taking the appeal, he was the owner of Lot 14A. He further testified that he no longer is the CT Page 10546 owner of the property, having conveyed it by warranty deed to Andrew and Deborah Siciliano on February 28, 1997. This revelation prompted an oral motion to dismiss by the defendants, followed by a motion in writing. The basis of the motion is that the court lacks jurisdiction over the subject matter of the suit because the plaintiff has failed to prove his aggrievement.
Initially, the court notes that the issue of subject matter jurisdiction must be addressed before going a step further in a hearing on the merits of the case. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano OrganCo. v. Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982).
Pleading and proving aggrievement are prerequisites to the trial court's jurisdiction over the subject matter on a plaintiff's appeal. Park City Hospital v. Commission onHospitals Health Care, 210 Conn. 697, 702-703, 556 A.2d 602
(1989). There are two types of aggrievement, statutory and classical. Statutory aggrievement may be shown when the plaintiff owns or occupies land which abuts or is within 90 feet of the wetland or watercourse involved in the commission's decision. The plaintiff does not claim to own or occupy any land which so qualifies. The fact that the plaintiff owned the land at the time of the hearing before the defendant and at the time of the taking of the appeal does not avail the plaintiff since he must sustain his interest in the property involved throughout the course of his appeal. Goldfeld v. Planning and Zoning Commission,3 Conn. App. 172, 177, 486 A.2d 646 (1985); Craig v. Maher,174 Conn. 8, 9, 381 A.2d 531 (1977).
To give this court jurisdiction, then, the plaintiff must place his reliance on the concept of classical aggrievement, the proof of which involves a twofold test. First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that the specific, personal and legal interest has been specially and injuriously affected by the decision.Goldfeld v. Planning and Zoning Commission, supra,3 Conn. App. 175; Hale v. Planning Commission, 181 Conn. 442, 444,435 A.2d 975 (1980). CT Page 10547
The plaintiff's contention is that his interest in the property has suffered in value because he was not able to command as large a sale price from the buyers of the lot as he would have, had the defendant allowed him the privilege of constructing a pool and terrace as he requested. As we have said, a plaintiff must sustain his interest in the property involved throughout the course of the appeal. This rule applies whether the issue involved statutory or classical aggrievement. See Goldfeld v.Planning and Zoning Commission, supra, 3 Conn. App. 172. Plaintiff has divested himself of the property, and there is thus no basis for him to claim aggrievement arising out of the value of land he no longer owns.
For a further basis for classical aggrievement, the plaintiff points to a reservation contained in his warranty deed to the Sicilianos, reading as follows:
 "15. Reservation by the Grantor of the right to use, for himself and his heirs and assigns, for all lawful purposes, that portion of Lot 14A, which is the subject of the appeal presently pending before the Superior Court, Stamford, Connecticut, under docket number REC, CV-96-0151183S, or such other docket number that may be assigned, and any appeal therefrom, which reservation is subject and subordinate to Mortgages of even date given by Grantee herein to United States Trust Company of New York and Swiss Bank Corp., New York branch, their successors and/or assigns."
The plaintiff claims that he thus retained the right to have access to the property to construct a house for the present owners, and that the right created in him by the reservation is sufficient to meet the test of classical aggrievement. He has testified that he intends to build a terrace and pool for the Sicilianos if this appeal is sustained and that they have agreed to that. He testified that, through the exercise of his right, he would realize revenue to which he is entitled, but if this appeal is unsuccessful, its value is diminished because the reason for the reservation would be frustrated.
Plaintiff has not demonstrated that the test of classical aggrievement has been met. In his testimony, he conceded that he CT Page 10548 does not own the property, does not lease it, he is not a contractor purchaser, or an optionee, nor does he hold a life estate therein. Neither there was any evidence that he holds a mortgage on the property, or has any right to occupy the land. Nevertheless, he claims he has a specific and personal interest in the right to build a house, with a pool and terrace. He does not, though, produce any kind of written contract or other enforceable document, but relies only upon a reference to a vague agreement of some kind with the Sicilianos to build if the appeal is successful. The court holds that this does not amount to a specific, personal and legal interest in the subject matter of the decision. See I. R. Stich Associates Inc. v. Town Council,155 Conn. 1, 229 A.2d 545 (1967).
It is true that ". . . the subject of aggrievement need not be confined to an interest in real property", Mystic MarinelifeAquarium, Inc. v. Gill, 175 Conn. 483, 493, 400 A.2d 726 (1978); the determination of aggrievement presents a question of fact for the trial court, Id., 493, and I find that the plaintiff's interest in the subject matter is unspecific and vague, if not illusory.
The plaintiff also fails the second prong of the test of aggrievement, that the required interest in the subject matter of the decision be specially and injuriously affected by the decision. The plaintiff testified that his right to use the property for lawful purposes (as granted by the reservation in the deed of conveyance) has not been interfered with. The permit having been granted, he can still construct a house. The claim that he would make more profit if he could build a pool and terrace is purely speculative (especially given that there is no evidence of a credible contract, or other corroborative evidence). See Sachem's Head Association v. Lufkin,168 Conn. 365, 362 A.2d 519 (1975). "A speculative loss of revenue is insufficient to confirm standing and establish aggrievement."New England Rehabilitation Hospital Inc. v. CHHC.,226 Conn. 105, 127, 627 A.2d 1257 (1993).
The plaintiff has failed to prove aggrievement, the court lacks subject matter jurisdiction, and the motion to dismiss is granted.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of October, CT Page 10549 1997.
D'ANDREA, J.