HYMAN GOLDFELD *v.* PLANNING AND ZONING COMMISSION
OF THE TOWN OF GREENWICH ET AL.
(2423)
(2424)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued November 16, 1984—decision released January 22, 1985

*James W. Macauley,* assistant town attorney, for the appellant (named defendant).

*Robert M. Davidson,* for the appellants (intervening defendants).

*David Albert,* with whom, on the brief, were *David Kotkin, Mark S. Shipman, Samuel J. Henderson* and *Leonard M. Bieringer,* for the appellee (plaintiff).

BORDEN, J. This is an appeal[1] from the judgment of the trial court sustaining the plaintiff's appeal from the decision of the defendant planning and zoning commission of the town of Greenwich.[2] The plaintiff had applied to the commission to change the zone of certain property located in the town. The commission

---

[1] The Supreme Court granted certification to appeal from the judgment of the trial court in this zoning case. General Statutes (Rev. to 1983) §§ 8-8, 8-9; Practice Book § 3135 (b) (subsequently amended 1983). That court subsequently transferred the appeal to this court. General Statutes § 51-199 (c).

[2] Other defendants, who intervened in the trial court, are owners of property contiguous to the property in question.

denied the application. The trial court, in sustaining the plaintiff's appeal, changed the zone of the property as requested in the plaintiff's application. The defendants appeal. We find error.

The defendants argue that the trial court erred in finding that the plaintiff was aggrieved by the decision of the commission. We agree.

Under a contract dated December 9, 1975, the plaintiff was the purchaser of approximately 102 acres of property located in an RA-4 zone,[3] with frontage of approximately 450 feet on the west side of King Street and adjoining the Westchester, New York, County airport. The contract was subject to a condition that the 102 acres be rezoned to BEX-50 classification.[4] In the event of an appeal from the decision of the commission, the closing date under the contract was to be extended until a final, nonappealable judicial decision on that appeal.

On September 29, 1977, the plaintiff applied to the commission for a change of zone from RA-4 to BEX-50 on the 102 acres, plus all property located between the west side of King Street and the New York state line, to the south of Interstate 684 and to the north of Lincoln Avenue. The entire property sought to be rezoned, including the 102 acres, consists of approximately 215 acres with frontage on King Street of more than two miles.

The commission denied the application on December 7, 1977, in a lengthy and factually detailed decision. The plaintiff's appeal, returnable in January, 1978, alleged as aggrievement that he was a contract purchaser of 102 acres, that his application to rezone that property and other property was denied, and that the

---

[3] The RA-4 classification is residential with a minimum lot size of four acres.

[4] The BEX-50 classification is for business executive offices.

result of that denial was, inter alia, to prevent the entire property, which was the subject of the application, from being used for any purpose for which it was reasonably adapted.

By a new contract, dated December 1, 1978, between the plaintiff and the owner of the 102 acres, which completely superseded the earlier contract, the plaintiff's status was changed from a purchaser to the holder of an option to purchase the 102 acres. His option terminated on November 30, 1980, except that it could be extended by the plaintiff to May 30, 1981, if his appeal had been decided by the trial court and if there was a further appeal pending before the Supreme Court. On October 13, 1981, this option agreement was amended to provide, inter alia, that the option would expire at 11:59 p.m. on June 30, 1982, irrespective of the judicial status of the appeal from the decision of the commission. This was the status of the plaintiff when, the next day, October 14, 1981, the trial court took evidence on the issue of aggrievement and heard the appeal. On August 10, 1982, the trial court rendered its judgment, finding the plaintiff to be aggrieved and sustaining his appeal as to the entire property.

We first consider whether the plaintiff was aggrieved by the commission's denial of his application to change the zone of that portion of the 215 acres which was not the subject of his option. It is axiomatic that aggrievement "encompasses a twofold test: First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision." *Hall* v. *Planning Commission,* 181 Conn. 442, 444, 435 A.2d 975 (1980). The injury to his specific, per-

sonal and legal interest must " '[affect his] property or other legal rights.' " *Fletcher* v. *Planning & Zoning Commission,* 158 Conn. 497, 502, 264 A.2d 566 (1969).

The plaintiff had no interest, by way of purchase contract, option or otherwise, in that part of the property beyond the 102 acres which was the subject of his option. We perceive no basis in this record for a finding of aggrievement of the plaintiff as to the other 113 acres sought to be rezoned, nor has the plaintiff offered us such a basis. "[T]he mere denial of an application does not establish aggrievement." Id.; *Beckish* v. *Manafort,* 175 Conn. 415, 420, 399 A.2d 1274 (1978); see also 4 Anderson, American Law of Zoning (2d Ed.) § 25.18 ("An owner whose land is unaffected by the decision in issue is not a person aggrieved by such decision."); 8A McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.292 (party must be aggrieved by application of zoning restriction to his property, and not by its application to other property). As to that part of the property in which the plaintiff had no interest, the trial court's finding of aggrievement is clearly erroneous.

This leaves for consideration the issue of whether the plaintiff was aggrieved as to the 102 acres. Although at the time of his application to the commission and his appeal to the trial court, the plaintiff had a contract to purchase the property, at the time of trial his contract had been amended so that he had an option to purchase that property.

The plaintiff's option rights, viewed without regard to their interruption and eventual termination, gave him an interest in the 102 acres sufficient to demonstrate a specific, personal and legal interest in the commission's decision, and to demonstrate that his interest was specially and injuriously affected by that decision. *Hall* v. *Planning Commission,* supra; see also *Richards*

v. *Planning & Zoning Commission,* 170 Conn. 318, 323–24, 365 A.2d 1130 (1976) (nonowners who are real parties of interest in property have standing to apply for special zoning treatment); *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 431, 226 A.2d 380 (1967) (contract purchaser of property has standing to apply for special zoning treatment); 4 Anderson, supra, § 25.12 (optionee has standing to appeal zoning decision).

This does not end our inquiry, however. It is clear that our Supreme Court has treated the concept of aggrievement to appeal a zoning commission by the same standards as aggrievement to appeal other administrative decisions. See, e.g., *Beckish* v. *Manafort,* supra; *Nader* v. *Altermatt,* 166 Conn. 43, 51–54, 347 A.2d 89 (1974). It is also clear that those standards require that the appellant must sustain his interest in the property involved throughout the course of his appeal. *Craig* v. *Maher,* 174 Conn. 8, 9, 381 A.2d 531 (1977).

This the plaintiff failed to do. His option to purchase the property, which originated in the contract dated December 1, 1978, terminated on November 30, 1980, or at the latest on May 30, 1981. It was then revived on October 13, 1981, but that resurrection lasted only until June 30, 1982, some six weeks before the trial court's judgment in this case. Thus, there was an interruption in the plaintiff's interest in the property of approximately four and one-half months, and his right to purchase it had terminated by the time the judgment was rendered. We conclude, therefore, that the court erred in finding that he was aggrieved.

Although this conclusion disposes of the appeal, we are constrained to comment briefly on the merits of the trial court's action. The commission, in denying the plaintiff's application, was acting "in its legislative

capacity. In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. *Calandro* v. *Zoning Commission,* 176 Conn. 439, 440, 408 A.2d 229 (1979). The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 25, 376 A.2d 385 (1977)." *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 265, 455 A.2d 339 (1983).

The commission gave a number of carefully articulated reasons for its action, one of which was the serious impact which the plaintiff's plan would have on traffic congestion on King Street and other adjacent residential roads. This reason alone, which was supported by the record, was sufficient to support the commission's decision. The trial court far exceeded its proper bounds in reversing the commission's decision and ordering the zone change.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.