STATE OF CONNECTICUT *v.* GREGORY BOND
(11732)

STATE OF CONNECTICUT *v.* RONALD BOSTICK
(11778)

HEALEY, SHEA, DANNEHY, CALLAHAN and MENT, Js.

Argued June 12—decision released August 12, 1986

*Michael O. Sheehan,* for the appellant (defendant in the first case).

*James V. Guarino,* special public defender, with whom, on the brief, was *Patricia C. Farrell,* for the appellant (defendant in the second case).

*Enrico Vaccaro,* special assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, *Timothy J. Liston* and *John M. Massameno,* assistant state's attorneys, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

DANNEHY, J. The defendants, Gregory Bond and Ronald Bostick, were severally indicted for the murder of Peter Taylor. The defendants were tried together and both were found guilty by a jury of felony murder in violation of General Statutes § 53a-54c.[1] Each defendant was ordered to serve a term of imprisonment

---

[1] "[General Statutes] Sec. 53a-54c. FELONY MURDER. A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, sexual assault in the first degree with a firearm, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

of seventeen years to life. Represented by separate counsel both defendants have appealed and their appeals have been combined in this court. On appeal the defendants claim that the trial court erred: (1) in refusing their requests that the jury be instructed on the lesser included offenses of robbery and assault; and (2) in refusing the jury's request for clarifying instructions. We agree with the defendants' first contention and remand this case for a new trial. It is, therefore, unnecessary to consider the defendants' second claim of error.

The jury could reasonably have found that on the evening of May 29, 1981, the defendants, along with one Kasto Mayberry, were driving around Middletown in Mayberry's van. At approximately 10 p.m. they noticed the victim walking in an unsteady or staggering manner, as if intoxicated, in a parking lot. The victim, Peter Taylor, was legally blind, mentally retarded, had epilepsy, and walked with an ataxic gait as the result of a childhood brain tumor. Taylor apparently had been returning to the home where he resided under the supervision of the state department of mental retardation.

Mayberry pleaded guilty to the crime of felony murder and testified for the state. Mayberry testified that he and the defendants observed Taylor and decided to rob him. The three men then exited from the van, accosted Taylor and demanded money. Mayberry further testified that he and the defendants punched and slapped Taylor, and that he, Mayberry, pulled out a knife and held it to the back of Taylor's head. According to Mayberry, either Bond or Bostick slapped Taylor, causing his head to jerk backward into the knife. Taylor then slumped to the ground, someone took his wallet, the three assailants ran back to the van, and drove away. The chief medical examiner testified that Taylor had died of a stab wound to the base of the neck with penetration of the brain stem.

Both defendants testified at trial that they had nothing to do with Taylor's robbery and murder. They testified that Mayberry exited the van, committed the robbery, stabbed the victim, took his wallet, and then returned to the van. The defendants further testified that they did not discuss the robbery with Mayberry; that they did not know what he was going to do; and that they did not know that he possessed a knife. In short, the defendants claimed to be innocent bystanders.

It is not the function of this court to decide what actually happened on the evening of May 29, 1981. *State v. Wilson*, 199 Conn. 417, 438–39, 507 A.2d 1367 (1986). It is enough to say that the jury could reasonably have believed some, none or all of the defendants' testimony. In particular, the jury could reasonably have found that the defendants, along with Mayberry, participated in the robbery, but did not know or have reason to believe that Mayberry possessed a knife. Under such a scenario, the jury would have been justified in finding the defendants not guilty of felony murder but guilty of robbery in the first degree. Such a result is possible under the affirmative defense to felony murder provided in General Statutes § 53a-54c. That section provides that "it shall be an affirmative defense that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury." The trial court, pursuant to the defendants' joint request, instructed the jury on the affirmative defense to felony murder provided in General Statutes § 53a-54c.

A defendant accused of felony murder who does not claim the benefit of the statutory affirmative defense is generally not entitled to an instruction on the lesser offense which underlies the charge of felony murder. This is so because, *assuming the element of causation is not in dispute,* guilt of the lesser offense constitutes guilt of felony murder. *State* v. *Morin,* 180 Conn. 599, 604–10, 430 A.2d 1297 (1980). A defendant who claims the benefit of the affirmative defense, however, says, in effect, that "although I may have participated in the underlying crime, I did not cause the homicidal act or know that any of my fellow participants was armed with a deadly weapon." Should the jury find satisfied the four requirements of the affirmative defense, then they would be justified in finding the defendant not guilty of felony murder, but guilty of the underlying offense.

We recognize that in theory the jury should have acquitted the defendants of felony murder had it found that the four requirements of the affirmative defense were satisfied. "But a defendant is entitled to a lesser offense instruction in this context . . . precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is *plainly guilty of some offense,* the jury is likely to resolve its doubts in favor of conviction." (Emphasis added). *Keeble* v. *United States,* 412 U.S. 205, 212–13, 93 S. Ct. 1993, 36 L. Ed. 2d 844 (1973); see *State* v. *Rodriguez,* 180 Conn. 382, 404, 429 A.2d 919 (1980). By refusing to instruct the jury on the lesser included offense of robbery in the first degree in violation of General Statutes § 53a-134 (a) (1) or (2),[2] the trial court left the jury with

---

[2] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon. . . ."

the extreme alternatives of finding the defendants guilty of felony murder or acquitting them outright. We think the evidence in this case clearly warranted lesser included offense instructions on the crimes of robbery and assault in varying degrees. The trial court erred in refusing the defendants' requests.

There is error, and the case is remanded for a new trial.

In this opinion the other justices concurred.