[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant appeal has been taken from the denial of applications for a site plan approval and special permit. Said applications sought approval to construct ninety-seven residential condominium units under Section 4.3 of the Wallingford Zoning Regulations. (Open Space Planned Residential District) The area in question was zoned RU-40 in which Open Space Planned Residential Development is a permitted use without a zone change subject to approval of a special permit "in accordance with Section 7.5 and the following conditions." (There is no indication in the record of non-compliance with any of the conditions listed in Section 4.3 of Zoning Regulations).
The applications in question were denied because they do "not meet requirements stated in sections 7.5.B2 and 7.5.B3 of OSPRD regulations." (R. Ex. D p. 5) The reasons articulated in the record are that condominiums are not "compatible" with other area housing and increase in traffic. (R. Ex. E, pp. 59-60)
Section 7.5B of the Wallingford Zoning Regulations relates to special permits and provides, inter alia, that in evaluating a special permit application the commission shall take into consideration the health, safety and welfare of the public, in general, and the immediate neighborhood in particular, and may prescribe reasonable conditions and safeguards to insure the accomplishment of the following objectives:
 2. The use shall be in scale, and compatible, with surrounding uses, building, streets and open spaces. 3. The uses shall not have a significant adverse effect on safety in the streets nor unreasonably increase traffic congestion in the area, nor interface with the pattern of highway circulation.
While Section 7.5B does contain a broad legislative purpose in evaluating applications for a special permit it also augments the provisions of Section 4.3 by authorizing the commission to prescribe reasonable conditions and safeguards to insure the accomplishment of the following objectives to wit: that the use is compatible with surrounding uses and shall not have an adverse effect in terms of safety on the streets and unreasonably increase traffic congestion.
Thus, as perceived by the court an application which CT Page 1813 passes muster under the particular requirements of Section 4.3 of the zoning regulations is subject to further review in terms of whether the proposed use is violative of the regulations set forth in Section 7.5B.
In the instant matter the Commission concluded as aforesaid that the proposed construction of condominiums was not compatible with the surrounding uses, buildings, streets and open spaces and that the proposed use involved an increase of traffic.
The court herein examines the record and claims of law made by the parties for the purpose of determining whether the commission acted arbitrarily, illegally or so unreasonably as to have abused its discretion. The appeal from the commission's decision does not involve a trial de novo and does not permit this court to substitute its findings and conclusion for those of the commission.
It is the conclusion of this court that the commission did not act arbitrarily, illegally and in abuse of its discretion.
There is nothing in the record to suggest the commission acted unfairly or from improper motives.
On August 24, 1990 an evidentiary hearing was held with respect to aggrievement. It is found that Harold Gehrke, Robert Self and Janet Self are the owners of the realty which is the subject matter of the instant controversy. It is further found that Grieb Road Associates, a general partnership, is the contract purchaser of the subject property. National Properties, Inc., a real estate development company wholly owned by the partners who comprise Grieb Road Associates, acted as agent of the actual owners and contract purchasers in connection with the filing of the applications with the Planning and Zoning Commission of the Town of Wallingford.
The foregoing establishes that the owners and contract owners are aggrieved and have standing to maintain the instant appeal. Section 8.8 Connecticut General Statutes. Hall v. Planning Commission, 181 Conn. 442, 444; Goldfeld v. Planning and Zoning Commission, 3 Conn. App. 172, 176. It is unnecessary to determine whether National Properties, Inc. as such is an aggrieved party. Nowicki v. Planning and Zoning Board,148 Conn. 492, 495.
The appeal is dismissed.
John C. Flanagan, Judge CT Page 1814