[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the defendant Colchester Historic District Commission's (hereinafter "Commission") denial of two applications for certificate of appropriateness. The plaintiffs are Jack's Chevrolet-Oldsmobile-Pontiac, Inc. (hereinafter "Jack's Chevrolet") and Frank L. Collins.
The parties agree on the following facts: Plaintiff Jack's Chevrolet operates an automotive dealership at 11 South Main Street (Route 85) in Colchester, which premises are owned by the plaintiff Frank Collins; in front of the automobile dealership is a strip of land approximately 45 feet wide with 265 feet of frontage along South Main Street, a state highway; the State of Connecticut owns this strip of land; this strip of land is located within the Colchester Historic District.
On November 30, 1987, the plaintiffs applied to the defendant Commission for two certificates of appropriateness (as provided for in Connecticut General Statutes section7-147d) to: (1) park cars on the aforesaid strip of land (R.O.R. Item 9) and (2) construct parking islands on the strip of land (R.O.R. Item 8). On March 24, 1988, the defendant Commission denied both applications. (R.O.R. Item 13). The plaintiffs appeal from that decision.
Connecticut General Statutes section 7-147 provides in pertinent part:
 Any person or persons severally or jointly aggrieved by any decision of the historic district commission or of any officer thereof may, within fifteen days from the date when such decision was rendered, take? an appeal to the superior court . . .
 . . . Procedures upon such appeal shall be the same as that defined in section 8-8.
The procedure for appeals from historic district commissions is the same as the procedure for appeals from zoning boards. Figarsky v. Historic District Commission,171 Conn. 198, 202 (1976).
Aggrievement is a prerequisite to maintaining an appeal. See Smith v. PZB, 203 Conn. 317, 321 (1987). Proof of CT Page 2406 aggrievement is a prerequisite to the court's subject matter jurisdiction over the appeal. Hughes v. PZC, 156 Conn. 505,509 (1968). Unless the plaintiff alleges and proves aggrievement, his appeal must be dismissed. Fuller v. PZC,21 Conn. App. 340, 343 (1990). In order to be aggrieved one must have a specific, personal and legal interest in the subject matter of the agency's decision; one must also be specially and injuriously affected as regards property or other legal rights. Smith, 203 Conn. at 321 (Emphasis added); see also Primerica v. Planning Zoning Commission, 211 Conn. 85, 93
(1989)." (T)he mere denial of an application does not establish aggrievement." Fletcher v. PZC, 158 Conn. 497, 502
(1969).
Although there is evidence before the Court that Jack's Chevrolet had been using the subject strip of land for parking purposes for many years prior to the time of the subject Commission proceeding, (R.O.R. Item 4), there is no evidence before this Court establishing that the corporation known as Jack's Chevrolet-Oldsmobile-Pontiac, Inc. had any legal interest in or right to the subject strip of land. The plaintiff Frank Collins asserts as his basis for aggrievement that he has a lease (of the subject strip of land) from the state of Connecticut for use in parking motor vehicles. (R.O.R. Item 7). Nevertheless, this lease specifically provides:
 (undecipherable) term of this Lease is for a three (3) year period of time commencing (undecipherable) 1, 1987, to and including May 31, 1990.
(R.O.R. Item 7).
The lease contains no provision for renewal. The record before the Court contains no other evidence of aggrievement. Final briefs in this appeal were filed with the Court on June 21, 1990 after the expiration date as set forth in the lease. (R.O.R. Item 7).
 It is clear that our Supreme Court has treated the concept of aggrievement to appeal a zoning commission by the same standards as aggrievement to appeal other administrative decisions. (Citations omitted). It is also clear that those standards require that the appellant must sustain his interest in the property involved throughout the course of his appeal. Craig v. Maher, 174 Conn. 8, 9
CT Page 2407 (1977).
Goldfeld v. PZC, 3 Conn. App. 172, 177 (1985); see also Primerica, 211 Conn. at 94 (it is not enough for plaintiff to have an interest in the property only at time of application to commission). In Goldfeld, the plaintiff's option to purchase the subject property had expired six weeks before the trial court's judgment. The Appellate Court held that because of that expiration the plaintiff was not aggrieved and the appeal had to be dismissed. Goldfeld, 3 Conn. App. at 177.
The plaintiff Frank Collins has not established that he had a legal interest in the subject strip of land existing throughout the course of this appeal and existing at the time of this Court's judgment. Consequently, this appeal must be dismissed as to the plaintiff Frank Collins.
For the foregoing reasons the plaintiffs' appeal is dismissed for lack of subject matter jurisdiction on the ground that neither plaintiff has proven aggrievement.
WALSH, J.