RICHARD S. POLLIO *v.* CONSERVATION COMMISSION
OF THE TOWN OF SOMERS ET AL.
(11586)

RICHARD S. POLLIO *v.* PLANNING COMMISSION
OF THE TOWN OF SOMERS ET AL.
(11762)

LANDAU, FREEDMAN and SCHALLER, Js.

Argued April 27—decision released July 20, 1993

*David B. Losee,* with whom were *Ronald P. Sherlock* and, on the brief, *Holly Jean Bray,* for the appellant (plaintiff).

*Michael A. Zizka,* with whom, on the brief, was *Diane W. Whitney,* for the appellees (defendant conservation commission of the town of Somers et al.).

*Thomas W. Fahey, Jr.,* with whom was *Carl T. Landolina,* for the appellees (defendant planning commission of the town of Somers et al.).

FREEDMAN, J. The plaintiff appeals from the judgment of the trial court dismissing his appeals from a decision by the Somers planning commission denying his application for subdivision approval with respect to a parcel of land in Somers and a decision by the Somers conservation commission denying his application for a wetlands permit with respect to that land. The issues on appeal to this court in both cases are (1) whether the trial court improperly concluded that the plaintiff was not an aggrieved party and therefore lacked standing to maintain the appeals and (2) whether the trial court improperly denied the plaintiff's "motion to reopen judgment and to reargue the issue of aggrievement."[1] We affirm the judgment of the trial court.

On April 18, 1990, the conservation commission denied the plaintiff's application for a wetlands permit

---

[1] Since the judgment had not been opened previously, we treat the motion as a motion to open. *National Iron Bank* v. *Gelormino,* 28 Conn. App. 7, 8 n.1, 609 A.2d 66 (1992).

for the subject property. On October 11, 1990, the planning commission denied the plaintiff's subdivision application. The plaintiff timely appealed to the Superior Court from each decision. In the interests of judicial economy, both appeals were heard by the trial court on March 6, 1992.

At trial, the plaintiff testified and submitted copies of various documents to support his claim of aggrievement. The documentary evidence showed that, on April 28, 1988, the plaintiff and Howard Whitaker, Jr., entered into a written option with respect to 281 acres of land in Somers. The agreement identified Whitaker as the owner of the property and the plaintiff as the purchaser. This option ran through April 30, 1990. The evidence further showed that the plaintiff entered into a series of extensions of the option contract. The first extension, dated April 26, 1990, extended the plaintiff's option to purchase the property until June 30, 1990. The second extension states that the "original agreement is extended to Dec[ember] 30, [19]91 with all subsequent understandings." This writing is not dated. The plaintiff testified that it was executed in December, 1990, but he was not sure of the specific date. Thereafter, in a writing dated April 18, 1991, the plaintiff and Whitaker restated the terms of their option agreement, extending the plaintiff's option to purchase the land until April 30, 1992. The plaintiff testified that at all times relevant to his appeals and until the date of the hearing before the trial court, he had an option to purchase the subject property. At one point during cross-examination, however, the plaintiff referred to the option as having "expired."

The trial court found that the plaintiff was not continuously aggrieved during the pendency of the appeals. The trial court found that the plaintiff's option had lapsed from June 30, 1990, until some time in December, 1990, when the next extension was executed, a

period of at least five months. Additionally, in rendering its decision on May 12, 1992, the trial court further found that the plaintiff's interest in the subject property had lapsed because the last option agreement presented to the court had terminated on April 30, 1992.[2]

On June 1, 1992, the plaintiff filed a motion to open the judgment and to reargue the issue of aggrievement in both cases. In that motion, the plaintiff sought to open the judgment to introduce evidence that the option continued during the entire course of the appeal and into the future and that the plaintiff had other interests with respect to the land that would establish aggrievement.

Several documents were attached to the motion. The first was an "amendment" to the April 28, 1988 option agreement extending the terms of the option "to the earlier to occur of (i) the date of Purchaser's receipt of, and the expiration of all applicable appeal periods with respect to, all required permits and approvals from the Town of Somers for the subdivision of the Premises . . . or (ii) April 30, 1993." The amendment recites that it is made as of April 30, 1992, but indicates that it was sworn to and signed before a notary public on May 20, 1992. The next document attached to the motion was a May 20, 1992 affidavit of Howard Whitaker, Jr., stating that the option agreement between the plaintiff and Whitaker "has continued in full force and effect, without interruption, since April 28, 1988." The final document attached to the motion was a May 28, 1992 affidavit of the plaintiff. The affidavit states that the option agreement has con-

---

[2] In its memorandum of decision, the trial court discussed the statute of frauds but did not resolve its applicability to the facts of the case and explicitly did not rest its decision on that doctrine in any way. Although the plaintiff challenges the court's analysis of the statute of frauds, we do not address the issue as it played no role in the court's decision.

tinued, without interruption, since 1988. The affidavit also states that the plaintiff has expended $351,530 in pursuit of all permits and approvals required by the town with respect to the subject property. Attached to the plaintiff's affidavit was a 1988 power of attorney from Whitaker giving the plaintiff the power to do all acts in Whitaker's behalf in establishing a subdivision of the subject property and a memorandum agreement signed by Whitaker and the plaintiff making the plaintiff responsible for all costs incurred in connection with the exercise of the power of attorney.

The trial court denied the plaintiff's motion to open the judgment, concluding that the plaintiff had failed to show that the proffered evidence was not available at the March 6, 1992 evidentiary hearing. These appeals followed.

Before addressing the merits of the present appeals, we must determine whether we have jurisdiction. As a general rule, we lack jurisdiction to consider an appeal where no practical relief can flow to the appellant from our decision. *Delevieleuse* v. *Manson,* 184 Conn. 434, 436, 439 A.2d 1055 (1981). The proposition that "in order to retain standing as an aggrieved person, a party must have and must maintain a specific, personal and legal interest in the subject matter of the appeal throughout the course of the [administrative] appeal"; *Primerica* v. *Planning & Zoning Commission,* 211 Conn. 85, 94, 558 A.2d 646 (1989); applies to proceedings before this court as well. See *Nader* v. *Altermatt,* 166 Conn. 43, 56, 347 A.2d 89 (1974); *Groesbeck* v. *Sotire,* 1 Conn. App. 66, 68–69, 467 A.2d 1245 (1983); see also *State* v. *One 1981 BMW Automobile,* 15 Conn. 589, 603, 546 A.2d 879 (1988) (*Borden, J.,* concurring). Here, the last option agreement made a part of the record before the trial court indicates that it would terminate, at the latest, on April 30, 1993. That date has passed. The trial court record, then, strongly suggests

that this appeal may be moot. If, in fact, the plaintiff no longer holds an option to purchase the subject property, then his appeal is clearly moot. *Nader* v. *Altermatt,* supra; *Goldfeld* v. *Planning & Zoning Commission,* 3 Conn. App. 172, 486 A.2d 646 (1985).

At oral argument before this court, however, the plaintiff submitted a writing signed on April 23, 1993, by Whitaker and the plaintiff that extends their option agreement to October 31, 1993. The parties stipulated that the record could be amended to include this latest extension of the option agreement. We permitted the filing of the document in this court on April 27, 1993, reserving any determination of its ultimate effect on the question of our jurisdiction.

While our rules do not ordinarily permit us to consider information that is not contained in the trial record, we may do so when a question of mootness is raised. See *Nader* v. *Altermatt,* supra; *Neumann* v. *Zoning Board of Appeals,* 14 Conn. App. 55, 56 n.1, 539 A.2d 614 (1988). The defendants do not dispute the existence of a written agreement extending the May 20, 1992 option agreement between Whitaker and the plaintiff to October 31, 1993. We, therefore, conclude that the plaintiff has successfully rebutted the suggestion of mootness presented to us by the trial court record. *Neumann* v. *Zoning Board of Appeals,* supra. Accordingly, we may address the substantive issues raised by the plaintiff's appeals.

On the basis of *Goldfeld* v. *Planning & Zoning Commission,* supra, the trial court dismissed the plaintiff's appeals after determining that the plaintiff had failed to establish aggrievement. In *Goldfeld,* we recognized that "[t]he plaintiff's option rights [with respect to the subject property], viewed without regard to their interruption and eventual termination, gave him an interest in the [property] sufficient to demonstrate a specific,

personal and legal interest in the commission's decision, and to demonstrate that his interest was specially and injuriously affected by that decision." Id., 176. Yet, we concluded that the plaintiff failed to sustain his burden of proving aggrievement throughout the course of his appeal because the option had lapsed during the pendency of the appeal and had terminated by the time the trial court rendered its judgment. Id., 177.

The trial court properly recognized that *Goldfeld* is on all fours with the present case. Here, the trial court found, in accordance with the documentary evidence submitted at trial, that the plaintiff's option to purchase the Whitaker property had expired on June 30, 1990, and was not revived until some time in December, 1990. In addition to this lapse of the option, the trial court found that the option agreement had terminated by the time it rendered its judgment.

The plaintiff's challenge to these factual findings of the trial court is unavailing. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Groton* v. *Yankee Gas Services Co.*, 224 Conn. 675, 691, 620 A.2d 771 (1993); *Crowell* v. *Danforth*, 222 Conn. 150, 156, 609 A.2d 654 (1992); see also *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 220, 435 A.2d 24 (1980).

The plaintiff claims that his trial testimony showed that he continuously held an option to buy the Whitaker property. Yet, our review of the record shows that the

trial court was presented with conflicting evidence on the question of whether the plaintiff's option agreement had lapsed for a period of more than five months in 1990. The court was entitled to resolve that conflict against the plaintiff. See *State* v. *Bond* 201 Conn. 34, 37, 513 A.2d 95 (1986); *State* v. *Sherbacow,* 21 Conn. App. 474, 480, 574 A.2d 817 (1990). Similarly, the court was entitled to reject the plaintiff's claim that his option was continuous and therefore extended to the date of judgment. Each option agreement presented to the court terminated on a date certain. In each instance, the plaintiff and Whitaker deemed those dates to be sufficiently important to require further extension by way of a subsequent written agreement. On appeal, "[w]e decide, not whether we would have drawn the same inferences or found the same facts, but whether the trial court could have reasonably done so." *Schofield* v. *Schofield,* 12 Conn. App. 521, 523–24, 532 A.2d 587 (1987). Under the circumstances of this case, we conclude that the trial court could have reasonably concluded that the plaintiff's option agreement had lapsed during the pendency of his appeal to the Superior Court and that the option had terminated prior to the rendition of judgment. In light of these findings supported by the record, the trial court properly concluded that the plaintiff was not aggrieved. *Goldfeld* v. *Planning & Zoning Commission,* supra, 177.

The plaintiff's reliance on our decision in *DiBonaventura* v. *Zoning Board of Appeals,* 24 Conn. App. 369, 588 A.2d 244 (1991), is misplaced. In that case, this court found that the plaintiffs had sufficiently proved their aggrievement to pursue the appeal, notwithstanding the absence of a legally enforceable agreement conferring on them an ownership interest in the property, because other factors established that they had a specific interest in the zoning application that was "readily distinguished from a general interest, such as is the

concern of all members of the community as a whole." Id., 376–77. The present case is readily distinguishable in that the plaintiff here introduced no evidence *during the course of the trial* concerning his relationship to the property or his relationship to the subdivision application other than the documentary and testimonial evidence regarding his contractual interest as the holder of an option. All evidence regarding the plaintiff's expenditures with respect to the development of the property and the existence of a power of attorney signed by Whitaker was subsequently submitted to the trial court at the time of the filing of the motion to open. The plaintiff, therefore, rested his claim of aggrievement at trial solely on his status as the holder of an option. Having failed to meet the requirements of *Goldfeld* in this regard, he can derive no assistance from *DiBonaventura*.

The plaintiff next challenges the trial court's denial of his motion to open the judgment. Through this motion, the plaintiff sought to present evidence of matters not previously presented to the trial court in order to fill the gaps in his proof. Because the proffered evidence was available to the plaintiff at the time of trial, however, the trial court properly denied his motion to open. "The evidence offered, obviously, was just as much within the power of the defendant to produce before judgment as after. If a party, upon the filing of a decision unfavorable to him on an issue which has been litigated at the trial, has a right to have the judgment opened to enable him to offer further testimony upon that issue, which might equally well have been offered at the trial, litigation would be prolonged beyond the requirements of a sound public policy." *Damico* v. *Dalton*, 1 Conn. App. 186, 187–88, 469 A.2d 795 (1984).

The judgment is affirmed.

In this opinion SCHALLER, J., concurred.

LANDAU, J., concurring. I concur but write separately because I disagree with the majority's implicit approval of the existence of a motion to reargue. "Our continued recognition, albeit implied, of a procedure that does not exist by virtue of any rule or statute and, thus, has no checks or limitations, and that continues to clog our short calendar dockets and consume the valuable time of our trial bench, makes little sense to me." *Connecticut National Bank* v. *Investors Capital Corporation*, 29 Conn. App. 48, 58–59, 613 A.2d 1370, cert. denied, 224 Conn. 902, 615 A.2d 1044 (1992) (*Landau J.*, concurring).

Accordingly, I concur in the result.