[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#116)
On April 27, 1994, the plaintiff, Rex K. Collum, commenced this action for tortious interference with a contract, or a prospective contractual relationship, against ten defendants. The plaintiff is the owner of a premises located at Bee Brook Road in Washington Depot, Connecticut. He alleges that in April of 1991, he responded to a classified advertisement by the United States Postal Service ("USPS") for a postal facility site in Washington Depot. The plaintiff states that he submitted proposals to the USPS for the postal site and that his proposals were approved by the USPS subject to obtaining permits from the Town of Washington. The plaintiff alleges that with knowledge of the contract between the plaintiff and the USPS, the defendants launched a tortious campaign to interfere with the contract and to stop the relocation of the Post Office to the plaintiff's property.
The plaintiff alleges that the defendants' campaign consisted of: (a) sending daily facsimiles to the USPS; (b) causing various petitions requesting the USPS to reconsider their site selection; (c) communicating with the USPS representative to cause the cancellation of the transaction; and (d) improperly contacting, influencing, and intimidating the Town Zoning and Inland Wetland Commissions to delay the approval of the plaintiff's site. The plaintiff states that on April 22, 1991, the Washington Town Zoning Commission issued its approval of the plaintiff's project. On April 29, 1991, the plaintiff received a letter from the USPS, canceling the contract. The letter allegedly cited "public outcry" as one of its reasons for the termination.
The defendants filed answers and special defenses to the plaintiff's complaint. In their special defenses, the defendants allege, inter alia, that the plaintiff's action is barred by General Statutes § 52-577 because it was instituted more than three years after the act or omission complained of. CT Page 9013
The defendants have now filed a joint motion for summary judgment on the ground that the plaintiff's action is barred by General Statutes § 52-577. In support of their motion, the defendants have submitted a memorandum of law and various attachments, including portions of the deposition testimony of the plaintiff and a copy of the "rejection letter" from the USPS to the plaintiff. In opposition, the plaintiff has filed a memorandum of law, his affidavit and other attachments, also including a copy of the "rejection letter" from the USPS. The plaintiff argues that the action is not barred by the three year limitation period of General Statutes § 52-577.
A motion for summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Practice Book § 384;Lees v. Middlesex Insurance Company, 219 Conn. 644, 650,594 A.2d 952 (1992). The burden is on the party moving for summary judgment. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980). Accordingly, in deciding a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. Mingachos v. CBS Inc., 196 Conn. 91, 111,491 A.2d 368 (1985). Summary Judgment is particularly suitable for deciding a statute of limitations defense. see [See] Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984); Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 95 (1986).
In the present case, there is no dispute as to the applicable statute of limitations. Both parties agree that General Statutes § 52-577 is the governing statute. (See Plaintiff's Memorandum in Opposition, August 9, 1994, Page 5; Defendant's Memorandum, July 20, 1994, Page 4.). That statute provides: "No action rounded upon tort shall be brought but within three years from the date of the act or omission complained of." General Statutes § 52-577.
When there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint, and the date the action was filed. Shuster v. Buckley, 5 Conn. App. 473, 477, 500 A.2d 240
(1985). The plaintiff's writ, summons and complaint are dated April 27, 1994;[1] accordingly, the dispositive issue for the court is the determination of the occurrence date of the act or omission complained of. CT Page 9014
The plaintiff alleges that the act or occurrence complained of was the defendants' interference with the plaintiff's contractual or business relationship with the USPS. The plaintiff argues that according to standard contract law, the defendants' interference occurred when the USPS rejection became known to the plaintiff, which is when he received the letter from the USPS. In his attached affidavit, the plaintiff avers that he did not receive the subject letter until April 29, 1991. Therefore, the plaintiff argues that the three year limitation period of General Statutes § 52-577 should run from that date.
In opposition, the defendants argue that the alleged tortious acts occurred no later than the date of the rejection letter, April 25, 1991, and therefore, at the latest, the statute should run from that date, which would bar it according to General Statutes § 52-577.
General Statutes § 52-577 is an "occurrence statute." S.M.S.Textile Mills, Inc. v. Brown, Jacobsen, Tillinghast, Lahan King,P.C., 32 Conn. App. 786, 790, 631 A.2d 340 (1993). Unlike those statutes of most other jurisdictions which begin to run when a cause of action has accrued, the Connecticut statutes of limitations for torts commence with the act or omission complained of, which is when the tortious conduct of the defendant occurs and not the date when the plaintiff first sustains damage. Prokolkin v.General Motors Corporation, 170 Conn. 289, 294-97, 365 A.2d 1180
(1976); McDonald v. Haynes Medical Laboratory, 192 Conn. 327, 330,471 A.2d 646 (1984); Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,173, 127 A.2d 814 (1956). The three year period in General Statutes § 52-577 for the commencement of an action begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. Prokolkin v. General Motors, supra, 294-302; Fichera v. Mine Hill Corp., 207 Conn. 204, 212-13,541 A.2d 472 (1988); Dime Savings Bank v. Fucetola, Superior Court, judicial District of Fairfield at Bridgeport, Docket # 286416 (February 25, 1994, Fuller, J.); see also Catz v. Rubenstein,201 Conn. 39, 49-50, 513 A.2d 98 (1986) (Interpreting General Statutes § 52-584.) As a result of this rule, in some instances, the plaintiff may not sustain damage until after the statute of limitations has run. Ecker v. West Hartford, 205 Conn. 219, 241,530 A.2d 1056 (1987); Fichera v. Mine Hill Corporation, supra, 213.
The plaintiff complains that the defendants engaged in a tortious campaign which interfered with the plaintiff's contract with the USPS. The very latest date the tortious activities of the CT Page 9015 defendants occurred was April 25, 1991, because that is the date that the USPS wrote the letter which terminated any contract or relationship with the plaintiff. It is irrelevant that the plaintiff received the letter on April 29, 1994. Prokolkin v.General Motors, supra, 294-302; Fichera v. Mine Hill Corp., supra, 212-13; Dime Savings Bank v. Fucetola, supra; Catz v. Rubenstein, supra, 49-50. What is relevant is the latest date of any tortious actions. Moreover, the plaintiff has failed to allege that the defendants engaged in any activity subsequent to the USPS letter. Accordingly, at the latest date, the three year limitation period of General Statutes § 52-577 began to run on April 25, 1991. The earliest date the action was filed was April 27, 1994. Therefore, the plaintiff's action is barred by the three year statute of limitations of General Statutes § 52-577.
The defendants' motion for summary judgment is granted.
RICHARD A. WALSH, J.