[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This administrative appeal relates to the Bethlehem Christian Fellowship's (Fellowship) application for a special exemption to build a church meeting house on a 5.093 acre parcel of land in Morris, Connecticut. The Fellowship appeals from the denial of its special exemption application by the Morris Planning and Zoning Commission (commission) on November 5, 1997 (Return of Record [ROR], Item 27). Notice of the decision was published on CT Page 11435 November 10, 1997. (ROR, Item 29). The appeal was filed by the Fellowship on December 2, 1997. At the hearing conducted by this court on July 29, 1998, the commission raised the issue of whether the Fellowship was aggrieved. At the direction of the court, the commission filed a brief on the aggrievement issue on August 6, 1998. The Fellowship filed a reply brief on August 14, 1998.
"General Statutes 8-8 and 8-9 permit appeals from a decision of a planning and zoning commission only by one `aggrieved' by a contested decision." Primerica v. Planning and ZoningCommission, 211 Conn. 85, 92, 558 A.2d 646 (1989). "Because aggrievement implicates the plaintiff's standing to appeal, the first issue [the court] addresses is aggrievement." McNally v.Zoning Commission, 225 Conn. 1, 5-6, 621 A.2d 279 (1993). "It is well settled that the question of aggrievement is a jurisdictional one and that claims of aggrievement present an issue of fact for the determination of the trial court with the burden of proving aggrievement resting upon the plaintiffs who have alleged it." Bakelaar v. West Haven, 193 Conn. 59, 65,475 A.2d 283 (1983). "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal, and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; internal quotation marks omitted.) Munhall v. Inland Wetlands Commission, 221 Conn. 46,51, 602 A.2d 566 (1992). The injury to his specific, personal, and legal interest must "affect his property or other legal rights." (Citations omitted; internal quotation marks omitted.)Goldfeld v. Planning Zoning Commission, 3 Conn. App. 172, 175
76, 486 A.2d 646 (1985). A contract purchaser may be aggrieved by a decision of zoning officials with regard to the land under contract. Shapero v. Zoning Board of City of Stamford,192 Conn. 367, 376, 472 A.2d 345 (1984).
Furthermore, "[i]t is clear that our Supreme Court has treated the concept of aggrievement to appeal a zoning commission by the same standards as aggrievement to appeal other administrative decisions . . . It is also clear that those standards require that the appellant must sustain his interest in CT Page 11436 the property involved throughout the course of [the] appeal." (Citations omitted.) Goldfeld v. Planning ZoningCommission, supra, 3 Conn. App. 177. "It is not enough for a party to have an interest in the property sufficient to establish aggrievement only at the time of application to the commission."Primerica v. Planning and Zoning Commission, supra, 211 Conn. 94.
In Goldfeld v. Planning Zoning Commission, supra,3 Conn. App. 172, the plaintiff had an option to purchase the subject property, which ended on May 30, 1981. Id., 177. The option was revived on October 13, 1981; however, it expired six weeks prior to the court's judgment. Id. The court concluded that since "there was an interruption in the plaintiff's interest in the property of approximately four and one-half months," the plaintiff had failed to sustain his interest in the property and therefore was not aggrieved. Id.
In Pollio v. Conservation Commission, 32 Conn. App. 109,628 A.2d 20 (1993), the plaintiff had an option similar to the one inGoldfeld. While "[t]he plaintiff testified that at all times relevant to his appeals and until the date of the hearing before the trial court, he had an option to purchase the subject property," the court found that by the terms of the option and its modifications, the plaintiff's right to purchase the land had lapsed during the pendency of the appeal. Id., 111.
In the instant matter, the Fellowship claims that, as the contract purchaser of the land in question, it is aggrieved by the commission's decision. A director of the Fellowship, Gary Fenn, testified and introduced into evidence copies of the various agreements in an attempt to document the Fellowship's aggrievement. (8/29/98 Hearing Transcript, pp. 7 et seq.). The evidence showed that the Fellowship originally entered into a purchase and sale agreement for the subject property on May 22, 1996. (Plaintiff's Exhibit 1). The terms of this agreement called for zoning approval to be obtained by July 19, 1996 and a closing date by August 1, 1996. This agreement is signed by Gary Fenn and Fred Byerly as Directors of Bethlehem Christian Fellowship, and by Catherine Mosimann and Robert Mosimann, as executor of the estate of Walter Mosimann.[1] (Plaintiff's Exhibit 1). Fenn testified that approval was not obtained by the July date. (8/29/98 Hearing Transcript, p. 8). The evidence further showed that the Fellowship entered into two modifications of the purchase contract. (Plaintiff's Exhibits 2 3). The first modification, dated January, 1997,[2] extended the date on CT Page 11437 which to obtain zoning approval to March 31, 1997 and the closing date to April 18, 1997. (Plaintiff's Exhibit 2). The second modification, dated December 24, 1997, further extended the date for zoning approval to November 30, 1998. (Plaintiff's Exhibit 3). The closing date was modified to occur within thirty days of obtaining zoning approval. Both of these modifications were signed by Gary Fenn for the Fellowship and by Catherine Mosimann, Robert Mosimann, Walter Mosimann, and De'Lis'Ka Bates as the Sellers of the property. Neither of the modifications make specific reference to either the subject property or the initial purchase agreement.
The appeal was served on the defendants on November 24, 1997. It was then filed with this court on December 2, 1997. Thus, it was filed some seven months after the terms called for in the first modification, and a month before the second modification was executed.
The commission challenges the claim that the appellant is aggrieved based on the gaps between the original agreement and the two modifications.[3] From the terms of the original purchase agreement, the contract was to be completed by August 1, 1996. Since zoning approval was not obtained as per the contract schedule, the closing did not occur. The Fellowship did not execute the first modification of this agreement until some time in January of 1997, approximately five months after the original agreement called for completion of the contract. This first modification called for a closing date of April 18, 1997. The second modification was not executed until December 24, 1997, more than eight months after the expiration of the terms in the first modification, and a full month after the appeal was commenced.
Relying on the testimony of Fenn and Bates, the Fellowship argues that the contract was in effect throughout the pendency of this matter before the commission and before this court. (8/29/98 Hearing Transcript, pps. 7 et seq.). However, the testimony of Fenn and Bates is in opposition to the terms stated in the documents recording their agreement. Each of the documents sets out specific dates by which zoning approval and the closing should take place. The second modification specifically lists the prosecution of the zoning appeal as a reason for extending the terms of the contract. By their own conduct, the parties acknowledged that a renewal of the contract was necessary to preserve any rights under the contract. Should the oral CT Page 11438 representations of the witnesses be credited, there would have been no need for either of the modifications.
The Fellowship next argues that it maintained an equitable interest in the subject property throughout the course of the appeal. While time is not of the essence ordinarily in real estate purchase contracts, "[w]here a time for performance is stated in an agreement, a party's tender of performance within a reasonable time thereafter will be considered substantial performance . . ." Mihalyk v. Mihalyk, 11 Conn. App. 610,616, 620 A.2d 1327 (1987). The Fellowship argues that the eight month gap between the first and second modifications was reasonable.
The execution of the first modification demonstrates that the parties to the purchase agreement understood that their initial agreement would not remain in effect forever. At the time the Fellowship went before the commission, the date for zoning approval under the first modification had already passed. Rather than entering into another modification of the contract, the Fellowship pursued the matter with the commission, and filed this appeal some seven months after the expiration of the terms of the first modification. Such a delay was not reasonable under the circumstances. Indeed, the language of the second modification indicates that the Fellowship was aware of the necessity to preserve its right to purchase in order to pursue this appeal.[4] (Plaintiff's Exhibit 3, Paragraph 1). Executing the second modification one month after filing the appeal did not preserve that right at the time the appeal was filed.
At the time this appeal was filed, on December 2, 1997, the Fellowship did not have a contract to purchase the property in question. Since the Fellowship has not maintained its right to purchase, this court finds that the Fellowship has failed to prove aggrievement. See Pollio v. ConservationCommission, supra, 32 Conn. App. 117.
Accordingly, the Fellowship lacks standing to pursue this appeal, this court is without subject matter jurisdiction to hear this appeal and it is dismissed.
By the court,
Peter Emmett Wiese, Judge CT Page 11439