[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
May 11, 2001, the defendant, CRT Construction Co. (CRT), filed and recorded a mechanic's lien on the town of Meriden land records against the plaintiff Norwood Dean, LLC (Norwood), in the amount of $440,473. On May 24, 2001, Norwood filed an application for discharge or reduction of CRT's mechanic's lien pursuant to General Statutes § 49-35a. On July 16, 2001, this court commenced a hearing on Norwood's application. On July 17, 2001, Norwood recorded a warranty deed on the Meriden land records indicating that it had sold the property subject to CRT's mechanic's lien.
CRT filed a motion to dismiss on August 13, 2001, alleging that Norwood lacks standing to bring the present action for discharge of CRT's mechanic's lien because Norwood is no longer the owner of the property. Norwood filed a memorandum of law in opposition to CRT's motion on September 3, 2001.
"[T]he issue of standing implicates this court's subject matter jurisdiction." (Internal quotation marks omitted.) In re Jonathan M.,255 Conn. 208, 217, 764 A.2d 739 (2001). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Citations omitted; internal quotation marks omitted.) Ambroise v. William Raveis RealEstate, Inc., 226 Conn. 757, 764-65, 628 A.2d 1303 (1993). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court CT Page 13114 must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." Demar v. Open Space Conservation Commission, 211 Conn. 416, 425, 559 A.2d 1103 (1989). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998).
CRT argues that Norwood lacks standing to pursue the present action because it is no longer the "owner" of the property pursuant to General Statutes § 49-35a, and therefore the relief sought by Norwood can not be rendered. CRT acknowledges that Norwood was the owner of the property before CRT filed a mechanic's lien on the property; however, CRT argues that because Norwood sold the property[1] it no longer has standing to pursue the pending application. Alternatively, CRT argues that because Norwood is a Massachusetts limited liability company and is not registered to do business in the State of Connecticut, Norwood lacks standing to bring the present action pursuant to General Statutes § 34-233.
Norwood argues that because it was the owner of the property when the application was filed and the hearing was commenced, Norwood retains its standing even though it has sold the property. Norwood argues that if the court construes § 49-35a to require an owner to retain ownership during the application hearing, the court would impose a restraint on the alienability of real estate. Norwood also argues that because it sold the property by warranty deed and has posted $550,000 pending the determination reached on CRT's mechanic's lien, Norwood is a party in interest and has standing pursuant to Practice Book §9-23. Norwood further argues that, pursuant to General Statutes §34-235, it is a foreign limited liability company that has failed to transact business in Connecticut and therefore has standing to proceed in its application for reduction or discharge of CRT's mechanic's lien.
General Statutes § 49-35a (a) provides, in relevant part, "Whenever one or more mechanics' liens are placed upon any real estate . . . theowner of the real estate, if no action to foreclose the lien is then pending before any court, may make application, together with a proposed order and summons, to the superior court . . . to determine whether the lien or liens should be discharged or reduced." (Emphasis added.) CT Page 13115
"Statutory construction is a question of law . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Cotto v. United Technologies Corp., 251 Conn. 1, 6,738 A.2d 623 (1999). "As with any issue of statutory interpretation, our initial guide is the language of the statute itself." (Internal quotation marks omitted.) Peabody N.E., Inc. v. Dept. of Transportation,250 Conn. 105, 122, 735 A.2d 782 (1999). "[I]f the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) MacDermid,Inc. v. Dept. of Environmental Protection, 257 Conn. 128, 154, ___ A.2d ___ (2001).
The legislative history of General Statutes § 49-35a fails to shed light on the definition of "owner" as used in the statute, therefore the court must address the language of the statute. In Red RoosterConstruction Co. v. River Associates, Inc., 224 Conn. 563, 620 A.2d 118, our Supreme Court interpreted the term "owner" as applied in General Statutes § 49-34. Although the court was addressing a different portion of the mechanic's lien statute, the court used the "commonly approved usage" of the term "owner" to decide the case. Id., 570. "The words of a statute are to be given their commonly approved meaning unless a contrary intent is clearly expressed." (Citation omitted; internal quotation marks omitted.) Peabody N.E., Inc. v. Dept. of Transportation,250 Conn. 105, 122, 735 A.2d 782 (1999). "Owner" is defined as "[t]he person in whom is vested the ownership, dominion, or title of property; proprietor." Black's Law Dictionary (6th Ed. 1990). This definition obviously does not include Norwood at this point in the proceeding because it has admittedly sold the subject property.
While it is true that Norwood was the owner at the time the application was filed, it is possible to lose standing when one sells the property which is the subject of a lawsuit. Zoning, like the area of mechanics' liens, is regulated by statute. A person must either be statutorily aggrieved or classically aggrieved to bring an appeal from a zoning decision in the Superior Court. "It is not enough for a party to have an [ownership] interest in the property sufficient to establish aggrievement only at the time of the application to the commission." Primerica v.Planning Zoning Commission, 211 Conn. 85, 94, 558 A.2d 646 (1989). If the plaintiff fails to maintain an interest in the property throughout CT Page 13116 the course of the appeal, the appeal is moot. Pollio v. ConservationCommission, 32 Conn. App. 109, 114, 628 A.2d 20 (1993). In Fuller v.Planning Zoning Commission, 21 Conn. App. 340, 342, 573 A.2d 1222
(1990), the original plaintiff Fuller, owned a residence aggrieved by the decision of the zoning commission. After commencing the action, Fuller sold the property. "As a result of the conveyance, Fuller lost her right to appeal. "Although a party may have had an appealable interest in a controversy, if after judgment, his interest is either conveyed or transferred absolutely . . . his right to appeal is lost, since he no longer has any interest in the litigation and is not injured by the result of the action.' Southbury v. American Builders, Inc., 162 Conn. 633,634, 295 A.2d 566 (1972)." Fuller v. Planning Zoning Commission,
supra, 21 Conn. App. 342 n. 3. Although the present case is not a zoning appeal, this court will not treat owners who sell their property during the course of a hearing differently from owners who sell their property during the course of an appeal. Therefore, because Norwood is no longer the owner" of the property subject to CRT's mechanic's lien, Norwood loses standing to pursue its present application before this court.[2]
Norwood argues that to deny it standing would impose a restriction on the alienability of its property. Norwood has already sold its property to a buyer, therefore "alienating" its property interest. Whether Norwood retains standing does nothing to restrict Norwood's right of alienation of property, but only affects whether it may continue to have standing in the present application.
Norwood also fails to have standing under Practice Book § 9-23. Practice Book § 9-23, provides: "An action may be brought in all cases in the name of the real party in interest, but any claim or defense may be set up which would have been available had the plaintiff sued in the name of the nominal party in interest." Norwood is no longer a real party or nominal party in interest, nor has it brought the application on behalf of a party in interest, therefore, Practice Book § 9-23 is inapplicable in the present case.
For the foregoing reasons, CRT's motion to dismiss is granted.
By the Court,
Frank S. Meadow Judge Trial Referee